[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 13, 1991 Date of Application December 13, 1991 Date Application Filed December 13, 1991 Date of Decision September 30, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport. Docket No. CR90-58446 (35208).
 Jack L. Grogins, Esq., Defense Counsel for Petitioner Gerard Eisenman, Esq., Asst. State's Atty. for the State.
BY THE DIVISION
The petitioner was convicted after a trial by a jury of the crime of Robbery in the First Degree a violation of CGS53a-134(a)(3). The penalty for said violation, as set by the legislature, is a term of not less than one year nor more than 20 years incarceration and a fine not to exceed $10,000.
At the time of sentencing the court imposed a sentence upon the defendant of twelve (12) years incarceration.
The evidence at trial revealed the following: That on or about November 22, 1990, a cab driver, the victim, picked up three fares on East Main Street in Bridgeport. All of the fares sat in the back seat. The fares were later identified as Edwin CT Page 9190 Lopez, Lopez's mother and the defendant. The cab driver brought them to their destination, Building 16 of the P.T. Barnum apartments. At that location Lopez accosted the cab driver and held a knife to the cab driver's throat. A struggle ensued between the cab driver and Lopez and the cab driver was cut on the hand by Lopez. The defendant opened the driver's door of the cab and while the cab driver was involved in the struggle with Lopez, the defendant took money from the pocket(s) of the cab driver. At that point the parties left the scene.
At the hearing, counsel for the petitioner noted the evidence that Lopez, and not the defendant, held the knife which resulted in the victim's injury to his hand, that the prior criminal record of the defendant was minimal, and that an arrest of the defendant for allegedly assaulting a corrections officer following his conviction on the instant matter should not be considered by the sentencing court as it would violate the defendant's presumption of innocence.
Lastly, petitioner's counsel commented upon co-defendant Lopez's extensive criminal record and in the instant matter Lopez entered pleas of guilty to Robbery in the first degree and Assault in the first degree and received a sentence of 15 years, execution suspended after 9 years incarceration. The inference, to be drawn, according to counsel, was that the defendant was penalized for the exercise of his right to have a jury decide the issues.
The state's attorney noted that the court could consider pending matters as long as it was reliable in arriving at an appropriate sentence, that Lopez was made an offer by the state and accepted it without the necessity of a trial and the defendant was not penalized for going to trial. Lastly, the State stressed the history of assaultive behavior exhibited by the defendant.
In reviewing the sentencing transcript, the court noted that it was appropriate under these circumstances to consider the pending alleged assault in setting an appropriate sentence. The court had reviewed the PSI and commented that it (the PSI) "shows me absolutely no saving grace for a defendant. There is nothing here that this defendant could be rehabilitated to." The court noted that particular crimes are classified in various degrees by the legislature in order that the sentence is commensurate with the crime. The court further noted that the CT Page 9191 defendant was convicted of the crime of Robbery in the first degree — the most serious of the robbery gradations.
In reviewing the matter, we first note that a sentencing judge has a very broad discretion in imposing any sentence within the statutory limits and in exercising that discretion he may consider information only if it has some "minimal indicium of reliability." State v. Huey, 199 Conn. 121, 126-127. The information considered here relevant to the alleged assault on the officer met that minimum standard and its consideration was proper.
It is noteworthy that the PSI relates the extensive assaultive behavior exhibited by the defendant in several school settings, including an assault on a teacher, and the fact that the defendant was terminated from the Job Corps for similar assaultive behavior.
The serious nature of the instant matter wherein a companion in the enterprise was armed with a dangerous instrument is noteworthy.
As to the claim by the petitioner of the disparity of the sentence imposed between the defendant and the co-defendant Lopez, Lopez simply took advantage of a discounted offer prior to trial.
The scope of review of this panel is a limited one. Pursuant to P.B. 942, "The division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purposes for which the sentence was intended."
Considering all these factors, the sentence imposed by the court is neither inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J. Klaczak, J. Miano, J.
CT Page 9192 Judges Purtill, Klaczak and Miano participated in the hearing and the decision.